GREGORY POOLE EQUIPMENT CO., INC. v. J. HOWARD COBLE, SECRETARY OF REVENUE STATE OF NORTH CAROLINA

No. 16

(Filed 16 March 1979)

**Taxation § 31.1— sale of used equipment accepted as trade-in—local 1% sales tax**

A retailer doing business in a county which imposes the 1% local government sales tax is required by G.S. 105-467 to collect that tax when it sells and delivers within that county used tangible personal property previously accepted in trade as part payment on the sales price of new property that was

delivered outside the county, since (1) this is the kind of transaction to which the State sales tax would apply, G.S. 105-164.4(1), and (2) the exemption of G.S. 105-164.13(16) does not apply because no local sales tax was paid on the sales price of the new articles delivered outside the county.

APPEAL pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals, reported at 38 N.C. App. 483, 248 S.E. 2d 378, opinion by *Judge Hedrick* with Judge, now *Chief Judge, Morris* concurring and *Judge Webb* dissenting, affirming a judgment in favor of defendant entered by *Judge Godwin* at the 26 September 1977 Civil Session of WAKE Superior Court.

*Poyner, Geraghty, Hartsfield & Townsend, by Thomas L. Norris, Jr. and Curtis A. Twiddy, Attorneys for plaintiff appellant.*

*Rufus L. Edmisten, Attorney General, by Myron C. Banks, Special Deputy Attorney General, and Marilyn R. Rich, Associate Attorney, for defendant appellee.*

EXUM, Justice.

The single question presented by this appeal is whether a retailer doing business in a county that imposes the 1% local government sales tax must collect that tax when it sells and delivers within that county used tangible personal property previously accepted in trade as part payment on the sales price of new property that was delivered outside the county. We hold that the transaction is subject to the tax and the retailer must collect it.

Plaintiff Gregory Poole Equipment Co., Inc., maintains places of business in Wake, New Hanover and Beaufort Counties where it sells new and used industrial equipment and machinery. Between 1 June 1971 and 31 May 1974 plaintiff sold certain pieces of new equipment and delivered them to counties other than those where it maintains a place of business. Plaintiff gave a credit on the sales price of this new equipment in return for trade-ins of used equipment.

Plaintiff collected the 3% state retail sales tax imposed by G.S. 105-164.4 on the gross sales price of each of these pieces of

---

Equipment Co. v. Coble, Sec. of Revenue

---

new equipment.[1] Plaintiff did not, however, collect the 1% local government sales tax imposed by G.S. 105-467 because these transactions were exempt from that tax.[2] The local tax, if any, which could have been collected on these transactions was the 1% use tax imposed by G.S. 105-468 on items or articles of tangible personal property "not sold but used, consumed or stored for use or consumption" in the taxing county. The use tax would have applied only if the county where the equipment was delivered had chosen to impose the 1% local sales and use tax. Responsibility for payment of this tax would have been on the purchasers of the equipment.

The sales that gave rise to the dispute here were of the used equipment taken in trade in the above described transactions. Plaintiff did not collect the 3% state tax on these sales relying on G.S. 105-164.13(16), which states:

> "The sale at retail . . . of the following tangible personal property is specifically exempted from the tax imposed by this Article:
>
> (16) Sales of used articles taken in trade, or a series of trades, as a credit or part payment on the sale of a new article, provided the tax levied in this Article is paid on the gross sales price of the new article."

It is conceded that plaintiff acted properly in not collecting this tax.

Plaintiff also, however, did not collect the 1% local sales tax (which was in force in each of the counties where it did business) on any of these transactions. Defendant in an audit of plaintiff took the position that plaintiff was liable for the 1% tax on the sales of the used equipment. Plaintiff paid the assessment and

---

1. G.S. 105-164.4 reads in relevant part:

> "There is hereby levied and imposed . . . a privilege or license tax upon every person who engages in the business of selling tangible personal property at retail . . . the same to be collected and the amount to be determined by the application of the following rates against gross sales and rentals, to wit:
>
> (1) At the rate of three percent (3%) of the sales price of each item or article of tangible personal property when sold at retail in this State . . . ."

2. This exemption is set out in the last sentence of G.S. 105-467, which reads:

> "However no tax shall be imposed where the tangible personal property sold is delivered to the purchaser at a point outside the taxing county by the retailer or his agent or by a common carrier."

filed suit seeking a refund of what it paid, $10,859.24 plus interest.

The case was heard on stipulated facts and the trial court granted judgment for defendant. The Court of Appeals affirmed, one judge dissenting.

The controlling statute on the issue presented here is G.S. 105-467, which reads in relevant part:

"The sales tax which may be imposed under this Article is limited to a tax at the rate of one percent (1%) of:

(1) The sales price of those articles of tangible personal property now subject to the three percent (3%) sales tax imposed by the State under G.S. 105-164.4(1).

. . . .

The exemptions and exclusions contained in G.S. 105-164.13 . . . shall apply with equal force and in like manner to the local sales and use tax authorized to be levied and imposed under this Article."

Plaintiff seizes on the language of subsection (1) and argues that since a state sales tax cannot be collected on the sales of used equipment then neither can a local tax. This is not the proper approach to the statute. What it requires is a two-part inquiry. The first question is whether this is the kind of transaction to which the state sales tax would apply. The answer to this question is unequivocally "Yes." G.S. 105-164.4(1) clearly imposes a tax on retail sales of articles of tangible personal property.

The second question is whether any of the exemptions and exclusions of G.S. 105-164.13 apply. The only exemption that even arguably applies is G.S. 105-164.13(16), which exempts from the state sales tax proceeds of sales of used articles taken in trade as a credit on the sales price of a new article *provided the sales tax was paid on the gross sales price of the new article.* Since no local sales tax was paid on the sales price of the new articles in question here, this exemption does not apply.

Equipment Co. v. Coble, Sec. of Revenue

The operation of the exemption is illustrated by Sales Tax Ruling 191.[3] That ruling dealt with the problem of sales and deliveries of new tangible personal property by a North Carolina vendor to a point outside the state with used property taken in trade.[4] It was held that retail sales of the used tangible personal property in this state were subject to tax. The rationale underlying Sales Tax Ruling 191 was that the original sale of the new equipment was not subject to the state sales tax. Thus the exemption of G.S. 105-164.13(16) did not apply. This in turn points to the policy behind G.S. 105-164.13(16), which is to prevent the same tax from being imposed twice on what are essentially the proceeds of one sale.

Applying this reasoning to the facts here, it is clear that these sales of used equipment are not exempt from taxation. The counties of this state are discrete taxing authorities for purposes of the local government sales and use tax. *See* G.S. 105-464. None of the counties where plaintiff does business collected a local sales tax on the sales of new equipment through which these used items were obtained. To allow them to collect that tax on these transactions will not result in a double imposition of the same tax by the same taxing authority.

In summary, these were sales of tangible personal property and thus the kind of transactions to which the local sales tax applies. There are no applicable exemptions from taxation. Plaintiff was correctly assessed the tax it paid and is not entitled to a refund.

For the reasons stated, the decision of the Court of Appeals is

Affirmed.

---

3. In giving weight to this ruling by the Secretary of Revenue, we are mindful of G.S. 105-474, which states with respect to the local government sales and use tax:

"The administrative interpretations made by the Secretary of Revenue with respect to the North Carolina Sales and Use Tax Act, to the extent not inconsistent with the provisions of this Article, may be uniformly applied in the construction and interpretation of this Article. It is the intention of this Article that the provisions of this Article and the provisions of the North Carolina Sales and Use Tax Act, insofar as practicable, shall be harmonized."

4. Sales of tangible personal property delivered outside the state and not to be returned to the state for use or consumption are not subject to the state sales tax under State Sales and Use Tax Regulation 23. *See also, Excel, Inc. v. Clayton*, 269 N.C. 127, 152 S.E. 2d 171 (1967).